COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


REGINA BOSSONG BUTLER
                                              OPINION BY
v.          Record No.  1919-95-1    JUDGE ROSEMARIE ANNUNZIATA
                                              JUNE 18, 1996
CITY OF VIRGINIA BEACH


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Ralph E. Lawrence for appellant.

          Charles B. Miller, Assistant City Attorney
          (Office of the City Attorney, on brief), for
          appellee.



     Claimant, Regina Bossong Butler, appeals the Workers'

Compensation Commission's refusal to vacate its award for

permanent partial disability benefits and to enter an award for

temporary total disability benefits.  The permanent partial award

was made pursuant to a memorandum of agreement prepared at

claimant's request and signed by her, which terminated an earlier

temporary total disability benefits award in her favor.  Finding

no error, we affirm.

     The relevant facts are as follows.  On February 2, 1988,

claimant suffered a compensable injury by accident while working

for employer, City of Virginia Beach.  As a result, claimant

received benefits for temporary total disability.  A June 11,

1991 report from Dr. Paul J. Abbott, Jr. states that claimant had

reached maximum medical improvement from her accident.

Thereafter, on June 20, 1991, claimant, through counsel, asserted

her right to compensation for permanent partial disability and requested employer to prepare an agreed statement of fact and supplemental memorandum of agreement. Employer prepared and claimant executed the agreed statement of fact and supplemental memorandum of agreement reflecting claimant's request for permanent partial compensation. The agreed statement of fact also provided that claimant's outstanding award for temporary total disability was terminated, based on claimant having reached maximum medical improvement on June 20, 1991.

Employer submitted the documents to the commission and, on September 9, 1991, the commission, acting in accordance with the agreed statement of fact, terminated temporary total disability payments and entered an award for permanent partial disability payments from June 20, 1991 until November 1, 1993. On November 2, 1993, claimant resumed temporary total disability benefits on a continuing basis.

On November 29, 1994, claimant filed an application for hearing asking that the commission's September 9, 1991 award for permanent partial disability be vacated and claiming entitlement to temporary total disability benefits for the period June 20, 1991 through November 2, 1993. The deputy commissioner refused to vacate the September 9, 1991 award. The full commission affirmed, finding no evidence of fraud, misrepresentation, or mutual mistake. The commission further stated that it "was not required to second guess claimant's counsel to determine whether

the claimant was in fact no longer eligible for temporary total disability benefits."

On appeal, claimant argues that this Court should vacate the September 1991 award because: (1) benefits for permanent partial loss can be paid only when benefits for temporary total disability have ceased; (2) entry of the award was not in claimant's best interest; (3) no evidence proved that she intentionally and knowingly waived her right to temporary total disability benefits; and (4) the agreed statement of fact which prompted the award was incomplete.[1]

## I.

The commission's approval of a memorandum of agreement is binding, and "an award of compensation entered upon such agreement is as enforceable as an award entered in a contested proceeding." Hartford Fire Ins. Co. v. Tucker, 3 Va. App. 116, 121, 348 S.E.2d 416, 419 (1986); see also Code § 65.1-93 (now Code § 65.2-701(A)). Application for full commission review of an award must be made within twenty days of its entry. Code § 65.1-97 (now Code § 65.2-705(A)). Absent clear and convincing evidence of fraud, misrepresentation, mutual mistake, or imposition the commission has no authority to vacate an award from which no party sought timely review. See Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 80, 367 S.E.2d 204, 207 (1988);

---

[1] The agreed statement of fact submitted to the commission failed to indicate that claimant had returned to work or that she was able to return to pre-injury work.

Tucker, 3 Va. App. at 121, 348 S.E.2d at 419; K & L Trucking Co. v Thurber, 1 Va. App. 213, 218, 337 S.E.2d 299, 302 (1985); John Driggs Co. v. Somers, 228 Va. 729, 734, 324 S.E.2d 694, 697 (1985).

Here, claimant failed to seek timely review of the September 1991 award. Claimant contends, however, that the commission's decision should be reversed based on the doctrine of imposition. We disagree.

"[T]he concept known as `imposition' . . . empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown." Odom v. Red Lobster # 235, 20 Va. App. 228, 234, 456 S.E.2d 140, 143 (1995) (quoting Avon Products, Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992)). The doctrine empowers the commission "to `do full and complete justice.'" Id. (quoting Avon, 14 Va. App. at 8, 415 S.E.2d at 229).

The doctrine focuses on an employer's or the commission's use of superior knowledge of or experience with the Workers' Compensation Act or use of economic leverage, which results in an unjust deprivation to the employee of benefits warranted under the Act. See Somers, 228 Va. at 734-35, 324 S.E.2d at 697; Odom, 20 Va. App. at 235, 456 S.E.2d at 143; Cheski v. Arlington County Public Schools, 16 Va. App. 936, 940, 434 S.E.2d 353, 356 (1993). Thus, this Court has found that the doctrine applies where,

inter alia, the record shows a series of acts by the employer or the commission upon which a claimant naturally and reasonably relies to his or her detriment. Odom, 20 Va. App. at 235, 456 S.E.2d at 143.

Claimant's argument based on imposition is without merit. If the commission's actions created an imposition, it resulted from claimant's own act. The agreed statement of fact terminating her temporary total benefits and substituting permanent partial benefits was drawn at the direction of claimant's attorney and signed by claimant. Even if we accepted claimant's position that the commission's September 1991 award should not have been entered, any error on the part of the commission was invited by claimant.

Accordingly, the decision of the commission is affirmed.

Affirmed.