COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


WESTVACO CORPORATION

v.          Record No. 1104-96-2

CARL EDWARD LINKENHOKER, SR.

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
DECEMBER 31, 1996

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Kathryn Spruill Lingle (Midkiff & Hiner,
P.C., on briefs), for appellant.

Gary Wheeler Kendall (Edmund R. Michie;
Michie, Hamlett, Lowry, Rasmussen & Tweel,
P.C., on brief), for appellee.


Westvaco Corporation (employer) appeals from a decision of

the Workers' Compensation Commission (commission) awarding

medical benefits to Carl Edward Linkenhoker, Sr. (claimant) and

finding that his claim was not barred under the statute of

limitations. Employer contends that the commission erred in

ruling that the doctrine of imposition prevents employer from

asserting the statute of limitations as a bar to claimant's

claim. For the reasons that follow, we reverse.

I.

FACTS

On March 3, 1993, claimant, a journeyman machinist with

employer, injured his back in a work-related accident. During

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the two years following the accident, employer treated claimant's injury as compensable under the Workers' Compensation Act (Act). Although claimant missed no work as a result of his accident, he required numerous medical examinations and treatments for his injury. At least some of his appointments were arranged through the employer's medical department and all were paid for by employer through its workers' compensation insurance. Employer also compensated claimant for his milage to and from medical appointments. However, claimant testified that employer never told him that it would file a worker's compensation claim on his behalf. Although employer treated claimant's injury as compensable under the Act, the record indicates that it did not file a memorandum of agreement with the commission regarding claimant's claim.

Employer filed its first notice of the accident with the commission, a minor injury report, on July 24, 1993. This report indicates that as of July 24, claimant's total medical costs totaled $844. After this date, claimant saw doctors five times in 1994 and once in 1995. Employer filed its first report of accident on September 22, 1995.

The record reflects that claimant filed an unrelated claim for asbestosis in 1992 and that the commission mailed claimant a notification letter and pamphlet advising him of the requirement that he file a claim. Claimant testified that he did not recall receiving any notices or pamphlets from the commission until

June, 1995.

In July, 1995, employer informed claimant that it would no longer pay any medical expenses related to his back injury, and on July 10, 1995, claimant filed an application for hearing with the commission.  After a deputy commissioner denied claimant's claim because it was barred by the statute of limitations, the full commission reversed and awarded medical benefits to claimant for his back injury.  Regarding the timeliness of claimant's claim, the commission held that the doctrine of imposition tolled the bar of the statute of limitations over the claim because employer did not file a memorandum of agreement after accepting the claim as compensable and did not comply with the commission's reporting requirements.

## II.

### DOCTRINE OF IMPOSITION

Employer contends that the commission erred when it held that employer was barred from asserting that the two year statute of limitations of Code § 65.2-601 barred claimant's claim because employer had imposed upon claimant.  We agree.

"Within the principles established by statutes and the decisions construing them, the commission has 'jurisdiction to do full and complete justice in every case.'  From that principle has developed the concept known as 'imposition,' which empowers the commission in appropriate cases to render decisions based upon justice shown by the total circumstances even though no

fraud, mistake or concealment has been shown." Odom v. Red Lobster, 20 Va. App. 228, 234, 456 S.E.2d 140, 143 (1995) (quoting Avon Products, Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992)). When applying the doctrine of imposition, "[t]he issue is whether under the totality of the circumstances shown, the actions of the employer and its carrier created an imposition on the commission and the claimant which empowered the commission [to] 'do full and complete justice.'" Avon, 14 Va. App. at 8, 415 S.E.2d at 229.

We hold that this is not a case in which the commission was empowered to exercise its jurisdiction beyond the expiration of the two year limitations period. Although employer neither complied with the commission's reporting requirements nor filed a memorandum of agreement after accepting claimant's claim as required by Code § 65.2-701, these actions by themselves do not necessarily constitute a de jure case of imposition. Odom, 20 Va. App. at 235, 456 S.E.2d at 143 (stating that whether imposition has occurred is determined by the totality of the circumstances and not bright line rules). Instead, circumstances other than the employer's acts contributed to the untimely filing of claimant's claim. The record indicates that claimant had prior experience with the workers' compensation system and was aware before the expiration of the limitations period that the procedure for securing benefits involved filing a claim with the commission. In 1992, claimant hired his current attorney and

-4-

filed a claim with the commission for asbestosis. Significantly, claimant testified that employer never told him that it had filed a claim for his 1993 injury on his behalf. Thus, claimant's failure to file a claim before the expiration of the statute of limitations was the result of his own failure to act rather than being caused by any actions of employer. Because claimant was aware of the existence of procedural requirements necessary to preserve his claim and because he had a prior relationship with an attorney familiar with the Act, we cannot say that the current statutory bar of claimant's claim was caused by the employer imposing upon the commission or upon the claimant. See Butler v. City of Virginia Beach, 22 Va. App. 601, 605, 471 S.E.2d 830, 832 (1996).

In light of the foregoing reasons, we reverse the decision of the commission.

Reversed.