COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia

GERALD ALBERT ADKINS

v.   Record No. 1803-96-2                  MEMORANDUM OPINION[*] BY
                                             JUDGE MARVIN F. COLE
NABISCO BISCUIT                                JULY 29, 1997


                                         FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

            Brian J. Cusce for appellant.

            P. Dawn Bishop (Sands, Anderson, Marks &
            Miller, on brief), for appellee.


        Gerald A. Adkins appeals from a decision of the Workers'

Compensation Commission (commission) denying his application for

compensation benefits on the ground that Adkins did not file the

application before the applicable statute of limitations expired.

 Adkins contends that the commission erred in finding that (1)

Code § 65.2-602 did not toll the applicable statute of

limitations; (2) the doctrine of equitable estoppel did not apply

to prevent Nabisco Biscuit (employer) from asserting the statute

of limitations; (3) employer's conduct did not constitute an

imposition on the commission and Adkins; and (4) a de facto award

did not exist.  Finding no error, we affirm the commission's

decision.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence established that on February 2, 1995, Adkins filed a claim with the commission alleging an injury by accident arising out of and in the course of his employment on December 10, 1992. Adkins sought an award of temporary total disability benefits commencing January 14, 1993 and continuing. At the October 2, 1995 hearing, employer stipulated to the compensability of Adkins' accident, but defended against his application on the ground that it was barred by the two-year statute of limitations contained in Code § 65.2-601.

As of December 1992, Adkins had worked for employer for nineteen years. On December 10, 1992, Adkins, a machine captain, slipped on steps and sustained a back injury. He immediately reported the accident to his supervisor, who sent him to the company nurse, Cecilia Craft. Craft completed an accident report, and Adkins returned to work. Adkins worked until January 14, 1993, when he was no longer able to work due to the injury. Adkins again saw Craft and a company doctor. Craft referred Adkins to Dr. Anthony G. Velo, an orthopedic surgeon. On March 1, 1993, Dr. Velo performed surgery on Adkins' back to remove a ruptured disc. Adkins returned to work on December 20, 1993 and worked until February 7, 1994, when he was again unable to work due to the injury.

Adkins testified that Jeanne Dyer, a nurse employed by employer's insurer, assisted him with his physicians and told him

that "anything I needed, she would take care of it. . . . She always went with me to the doctor and made my doctors appointments and called work." Adkins saw Drs. E. Claiborne Irby and George Gruner at Dyer's request.

Employer filed its first report of accident on February 2, 1993. The commission sent a "blue letter," dated February 9, 1993, to Adkins addressed to him at Route 2, Box 125, Providence Forge, Virginia. Adkins denied receiving this "blue letter." The evidence proved that in November 1992, the postal service changed his mailing address from Route 2, Box 125, Providence Forge, Virginia to 4440 North Courthouse Road, Providence Forge, Virginia. Adkins admitted that he did not physically move his residence and testified that he continued to receive mail addressed to him at both the former and current mailing address.

Apparently, either Adkins or employer later filed a minor injury claim relative to an injury incurred by Adkins on January 24, 1994. As a result of this filing, the commission mailed another Workers' Compensation Guide to Adkins on February 23, 1994.[1] Adkins admitted that he received the guide, but he did not read it. Rather, he placed it in his dresser drawer. He stated that he did not think he had to do anything in regard to his claim because "I'd never done anything before on my cases.

---

[1] The commission cited to this January 24, 1994 minor claim in its opinion. There is no evidence of this claim in the record. However, the guide, which is in the record, contains an address label reflecting a date of "1/24/94."

It was always taken care of."[2]

With respect to the December 10, 1992 injury by accident, employer paid Adkins weekly benefits for various periods from January 21, 1993 through January 15, 1995. Employer also paid Adkins cost of living increases. Adkins stated that he did not know he needed to file a claim with the commission nor did he know of any time limits on filing a claim. Adkins knew that Jon Hall was the insurance adjuster for his claim, but he had very little contact with Hall.

Dyer testified that her job was to facilitate a resolution of the medical aspects of Adkins' case, essentially by acting as a liaison between the insurance company, Adkins' physicians, and Adkins. Dyer met with Adkins on numerous occasions. She told Adkins that her only job was to help him with the medical aspects of his case. Dyer admitted asking Adkins at their first meeting if he was receiving checks. Dyer provided the insurance company with periodic reports concerning Adkins' progress from a medical standpoint.

---

[2]Adkins had received workers' compensation benefits before the December 10, 1992 accident for other work-related injuries. The commission's records reflected that two previous files were generated for Adkins for work injuries sustained in 1978 and 1984. "Blue letters" were sent to him in both instances. The blue letter and the workers' compensation guide spell out the time limit for filing a claim. With respect to these previous injuries, Adkins signed memoranda of agreement on October 23, 1978 and December 26, 1984. Adkins stated that even though he signed the agreements, he did not understand why he signed them nor did he know that employer filed them with the commission.

The deputy commissioner dismissed Adkins' application, finding "that there had been no prejudice, no misrepresentation, and no evoked detrimental reliance, and because no prejudice exists, the two-year statute of limitations ran on December 10, 1994. This matter was filed on February 2, 1995, beyond the two-year statute of limitations."

The full commission affirmed the deputy's decision, finding that the statute of limitations was not tolled pursuant to Code § 65.2-602 because Adkins failed to prove prejudice. The commission found that Adkins had notice of the filing requirement because he received a guide and a blue letter within fifteen months of his injury, noting that the fact that the guide pertained to a subsequent minor claim was of no moment because Adkins' rights and responsibilities were the same for either claim. Adkins admitted receiving the guide within fifteen months of his injury, leaving "some eight months" within which to file a timely claim. The commission also found that Adkins had sustained two previous workers' compensation injuries for which the commission had sent blue letters.

The commission held that Adkins did not establish equitable estoppel. The commission found that Dyer neither represented to Adkins that his claim had been filed nor indicated that he did not need to protect his claim. The commission also found that employer's voluntary payment of compensation benefits and cost of living adjustments did not establish an estoppel. Employer's

-5-

actions were no more than those expected from an employer complying with the Act.  The commission found that employer's voluntary payment did not create a <u>de</u> <u>facto</u> award.  Finally, the commission found that the doctrine of imposition did not apply because Adkins did not rely upon any actions of the employer/carrier or the commission, and employer's actions taken as a whole were consistent with an endeavor to comply with the Act.

I.

In pertinent part, Code § 65.2-602 states as follows:

> In any case where an employer has received notice of an accident resulting in compensable injury to an employee as required by § 65.2-600, and whether or not an award has been entered, such employer nevertheless has paid compensation or wages to such employee during incapacity for work as defined in § 65.2-500 or § 65.2-502, resulting from such injury or the employer has failed to file the report of said accident with the Virginia Workers' Compensation Commission as required by § 65.2-900, and such conduct of the employer has operated to prejudice the rights of such employee with respect to the filing of a claim prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled for the duration of such payment or, as the case may be, until the employer files the first report of accident required by § 65.2-900.  For purposes of this section, such rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident as required by § 65.2-900 or he has received after the accident a workers' compensation guide described in § 65.2-201 or a notice in substantially the . . . form [stated in this statute].

Dissecting Code § 65.2-602 down to its plain meaning, we find that in order to toll the statute of limitations, an employee must prove the existence of certain conditions.  First, an employee must show that the employer received notice of the accident as required by Code § 65.2-600, and that the employer either has paid wages or compensation to the employee during incapacity from work, with or without an award or has failed to file an Employer's First Report of Accident as required by Code § 65.2-900.  Second, an employee must prove that either the employer's payment of wages or compensation or its failure to file the first report of accident has operated to prejudice the employee's rights with respect to filing a claim prior to the expiration of the statute of limitations.  If an employee proves the existence of these conditions, the statute of limitations shall be tolled for the duration of the employer's payment of compensation or wages during an employee's incapacity from work or until the employer files an Employer's First Report of Accident.

As noted in the provisions, The "rights of an employee . . . to file a claim prior to the expiration of the statute of limitations shall be deemed not prejudiced if his employer has filed . . . the first report of accident as required by § 65.2-900 or he has received after the accident a workers' compensation guide described in § 65.2-201 or a notice in substantially the . . . form [stated in this statute]."  Thus, if

either of these two circumstances occur, _i.e._, the employer files the first report of accident as required by Code § 65.2-900 _or_ the employee receives a workers' compensation guide after the accident, the statute provides for a _per se_ absence of prejudice with respect to the employee's right to file a timely claim. Without a showing of prejudice, the tolling provisions of Code § 65.2-602 are not triggered.

Because Adkins received a workers' compensation guide after his accident and before the statute of limitations expired, the clear and unambiguous language of Code § 65.2-602 dictates that his rights with respect to filing a timely claim were not prejudiced as a matter of law. When he received the guide, he had at least eight months within which to file a timely claim. Yet, he failed to read the documents or act upon them. Absent proof of prejudice, the elements necessary for tolling the statute of limitations pursuant to Code § 65.2-602 were not met and Adkins' rights expired on December 10, 1994. Therefore, the commission did not err in ruling that the statute of limitations was not tolled pursuant to Code § 65.2-602, and that Adkins failed to file a timely claim.[3]

## II.

To prove estoppel, a claimant must show by clear, precise

---

[3]As it is unnecessary to do so under the circumstances of this case, we do not address how the statute would be applied in a situation where an employee received the guide very close in time to the expiration of the statute of limitations.

and unequivocal evidence that he relied to his detriment upon an act or statement of employer or its agent to refrain from filing a claim within the statutory period. Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 59-60, 396 S.E.2d 392, 394-95 (1990). However, a claimant need not prove a false representation, concealment of a material fact, or fraudulent intent, in order to invoke the doctrine of equitable estoppel. Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324-25, 416 S.E.2d 708, 711 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993). In addition, it is well settled that employer is not estopped as a matter of law from relying on the limitation period provided by Code § 65.2-601 merely because it made voluntary payments to a claimant. See Bowden v. Newport News Shipbuilding & Dry Dock Co., 11 Va. App. 683, 686-87, 401 S.E.2d 884, 886 (1991).

The commission found no evidence that employer or its agents made any representations which induced Adkins to refrain from filing a timely claim. The record supports this finding. Neither Dyer nor employer ever represented to Adkins that his claim had been filed or that he did not need to do anything to protect his rights. In addition, Adkins' evidence did not establish an affirmative, deliberate effort by employer or its agent to prejudice his right to file a claim within the limitations period. Such an effort must be shown in order to invoke the doctrine of equitable estoppel. Odom v. Red Lobster

#235, 20 Va. App. 228, 233-34, 456 S.E.2d 140, 143 (1995).

Based upon this record, the commission did not err in ruling that employer was not equitably estopped from relying upon the statute of limitations.

### III.

"'[I]mposition' . . . empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown." Avon Products, Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992). The commission correctly held that the doctrine of imposition did not apply in this case because the acts of the carrier and employer were consistent with an endeavor to comply with the Act. Cheski v. Arlington County Pub. Schs., 16 Va. App. 936, 940, 434 S.E.2d 353, 356 (1993). No evidence established that Dyer told Adkins she would take care of anything other than his medical needs. In addition, no evidence showed improper conduct by the insurance adjuster. The facts merely showed that Adkins was paid compensation and cost of living increases and provided with a rehabilitation nurse to monitor his medical status. The employer/carrier's actions in Odom, relied upon by Adkins, went far beyond those of the employer in this case.

### IV.

The holding of National Linen Serv. v. McGuinn, 5 Va. App. 265, 362 S.E.2d 187 (1987), which applied to the issue of whether

-10-

a claimant bore the burden of proving marketing efforts, is not applicable to this case which deals with the jurisdictional issue of whether a timely claim has been filed.  Accordingly, the commission did not err in finding that employer's voluntary payments did not create a <u>de</u> <u>facto</u> award.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>