COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Haley
Argued at Salem, Virginia


STAUNTON CORRECTIONAL CENTER/
  COMMONWEALTH OF VIRGINIA

                                           MEMORANDUM OPINION[*] BY
v.      Record No. 2194-04-3              JUDGE JAMES W. HALEY, JR.
                                                APRIL 12, 2005
GARY L. SANDERSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Scott John Fitzgerald, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General; Judith Williams Jagdmann, Deputy Attorney
        General; Edward M. Macon, Senior Assistant Attorney General, on
        brief), for appellant.

        George L. Townsend (The Chandler Law Group, on brief), for
        appellee.


        Staunton Correctional Center/Commonwealth of Virginia (employer) appeals a decision of

the Workers' Compensation Commission granting Gary L. Sanderson's (claimant) June 14, 2002

change-in-condition application and awarding him temporary partial and temporary total disability

benefits for various dates beginning June 4, 1999 through December 6, 2001. Employer contends

the commission erred in finding that the doctrine of imposition applied to toll the twenty-four month

limitations period contained in Code § 65.2-708(A)[1] and the ninety-day period as set forth in Rule

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] With certain exceptions not applicable to this case, Code § 65.2-708(A) provides that a
claim alleging a change in condition must be filed within twenty-four months from the last day
for which compensation was paid pursuant to an award.

1.2(B), Rules of the Virginia Workers' Compensation Commission.[2] For the following reasons, we affirm the commission's decision.[3]

In accordance with familiar appellate principles, we view the evidence in the light most favorable to claimant, the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Furthermore,

> "[f]actual findings of the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." The commission's findings, if supported by credible evidence or reasonable inferences drawn from the evidence, will not be disturbed upon review, even though the record may contain evidence to support a contrary finding.

Watts v. P & J Hauling, Inc., 41 Va. App. 278, 283, 584 S.E.2d 457, 460 (2003) (citations omitted).

On April 21, 1995, claimant filed a Claim for Benefits alleging an April 20, 1992 injury by accident while working for employer, and requesting disability benefits for various dates. On August 31, 1995, the commission found the claim to be compensable and awarded claimant medical benefits and temporary partial disability benefits for various dates, ending on April 5, 1995.

On November 15, 1999, the commission, pursuant to the parties' stipulations, entered an order awarding claimant additional compensation benefits for various dates, ending on March 10, 1999. That order, entered for record purposes only, reflected that claimant had received

---

[2] Rule 1.2(B) provides in its pertinent part that "[a]dditional compensation may not be awarded more than 90 days before the filing of the claim with the Commission."

[3] Claimant did not seek review before the full commission of the deputy commissioner's finding that estoppel did not apply to save claimant's claim from the bar of the limitations period contained in Code § 65.2-708(A). Accordingly, we will not consider that issue on appeal. In addition, although claimant asserted a *de facto* award theory before the commission, neither the deputy commissioner nor the full commission addressed that issue and claimant did not raise it on appeal. Thus, we will not address it.

ninety-two days of full wages in lieu of compensation through and including August 9, 1998 and thereafter received full wages for his missed time, allocated as two-thirds to workers' compensation and one-third to personal leave.

In March 2000, the commission consolidated its file in claimant's claim for an April 12, 1995 injury with the file for his original April 20, 1992 injury, as the April 12, 1995 injury constituted an exacerbation of the original injury.

On June 14, 2002, after the applicable limitations period had expired on March 10, 2001, claimant filed an application for additional benefits based on a change in condition, for various dates from June 4, 1999 through December 6, 2001. The parties stipulated that claimant had been paid in full for the time missed during that period, and therefore, any award would be for record purposes only. Employer defended against the claim contending that it was barred by the limitations period contained in Code § 65.2-708(A), as well as the ninety-day rule, Rule 1.2. Claimant asserted that imposition applied to toll the limitations period and Rule 1.2.

Claimant testified that he worked for employer for twenty-nine years, ending on December 9, 2002, when employer's facility closed. When claimant needed to go to the doctor for treatment or if his doctor instructed him to take time off from work due to his compensable back injury, he notified his supervisor, Janice Knight, and requested leave. Knight then notified Dorothea Fields, employer's timekeeper, of claimant's request. While claimant acknowledged that from 1999 forward no one employed by Staunton Correctional Center or the Department of Corrections told him not to file a claim or that it was unnecessary to do so, he testified that he understood that his missed time from work "was being covered through workers' comp.," because of "the award that I received and from my timekeeper, Dorothea Fields and the Human Resources Office." When asked if he actually had conversations with those persons, claimant replied, "Yes." Claimant testified that the "only responsibility that [he] was aware of [was] that

[he] would submit the leave request forms to [his] timekeeper and that was all [he] was supposed to do."

Fields, who was employer's timekeeper from 1989 to 2002, testified that when claimant informed her or the supervisor that he missed work due to his compensable back injury, Fields completed a P8 form indicating that claimant "was out for workmen's comp." Thereafter, Fields forwarded the P8 form, along with the doctor's excuse provided by claimant, to employer's human resources office. Fields confirmed that she needed the doctor's excuses "to make sure that it would be covered under workers' comp."

Sandra M. Pultz, who worked for twenty-two years in employer's human resources office until its facility closed in December 2002, handled workers' compensation claims for employer during 2001 and 2002. Beginning in March 2001, Pultz received the P8 forms and claimant's doctor's excuses from Fields when claimant missed work. Pultz then keyed claimant's missed time into the SIPS computer program, the time-keeping program for the Commonwealth, which interacts with the Commonwealth's entire payroll. Pultz also faxed the documentation, including claimant's doctor's excuses, to Managed Care Innovations (MCI), employer's third-party administrator.

At some point, MCI notified Pultz that it would not reimburse employer for compensation paid to claimant for missed time from work. Pultz believed that MCI decided not to honor employer's requests for reimbursement beginning in March 2001, "because the statute of limitations had run out and that was due to the fact that the [supplementary] reports had not been filed."[4] Pultz did not recall having any conversations with claimant about his missed time until March 2001, after MCI had refused to reimburse employer and the statute of limitations had

---

[4] Pultz testified that Joyce Brubeck handled claimant's missed time from work due to his compensable injury before March 2001, and apparently failed to file the supplementary reports required by MCI. Brubeck did not testify at the hearing.

expired. Pultz understood that up until that time, claimant was being paid his salary with two-thirds apportioned to workers' compensation and one-third apportioned to personal leave.

Nathan McLamb worked for employer as its human resources manager for four and one-half years, ending on October 9, 2002. McLamb confirmed that employer entered claimant's missed time into the SIPS program and faxed claimant's doctor's slips to MCI, but failed to file certain supplementary reports required by MCI in order for employer to be reimbursed for the workers' compensation payments it had made to claimant. McLamb believed this was an oversight by Pultz, who McLamb believed received claimant's case sometime during 1999. McLamb testified that when Pultz realized employer was not being reimbursed, she filed a supplementary report, dated March 23, 2001, to cover claimant's missed time from work between October 26, 2000 and February 27, 2001. In February 2002, McLamb became aware of the problem and prepared another supplementary report dated February 13, 2002, which he forwarded to MCI, covering claimant's lost time between June 4, 1999 and December 6, 2001, in order to obtain reimbursement from MCI for the missed time from work, for which employer had compensated claimant. McLamb prepared that supplementary report after auditing the records and finding that Pultz's March 23, 2001 supplementary report did not include all of claimant's missed time.

In a March 5, 2002 letter, received by McLamb, MCI advised employer that it would not be reimbursed for any of claimant's missed time from work as reflected on the two supplementary reports or for any missed time in the future, as the statute of limitations had expired. At that time, employer stopped allowing claimant to fill out his leave forms allocating his missed time as two-thirds workers' compensation and one-third personal leave, and advised him he would be required to submit his missed time due to his compensable injury as personal leave.

- 5 -

Based upon this record, the commission ruled that the twenty-four month limitations period applicable to claimant's June 14, 2002 change-in-condition claim was tolled by the doctrine of imposition. In so ruling, the commission found as follows:

> [I]t is apparent that the claimant, as he had for many years, according to the procedure established by employer, advised his supervisor and the timekeeper of the need to be absent for medical treatment and disability as a result of his compensable accident. The timekeeper completed a P8 form, which indicated that the time loss was for workers' compensation, and she forwarded it to the Human Resource Office. This information was then entered into the SIPS system. It is at this point, through no fault of the claimant, the system developed by the Department of Corrections and MCI for processing workers' compensation cases broke down. Because the Human Resource Office faxed the medical slips but not the supplementary reports, the claimant was not given the benefit of being provided with the proper agreement forms as required by the Act. We note that MCI had the reports indicating time loss from work, but failed to either contact the claimant, provide him with agreement forms, or request the supplementary report from the employer. We can understand why the claimant, who was receiving full wages and pay stubs apportioning his time between workers' compensation and leave, was under the impression, as was his employer – including Ms. Fields, Ms. Pultz and Mr. McLamb – that his benefits were being paid or reimbursed by workers' compensation. If the Staunton Correctional Center's human resources personnel who processed workers' compensation believed that everything was in order, it is understandable that the claimant would likewise have no reason to question the process or seek additional paperwork.
>
> We note that the supplementary reports in question are not required by the Act, but were for the benefit of MCI.

Initially, we recognize the well-settled rule that an employer's voluntary payment of benefits for medical treatment and lost wages alone does not operate as a matter of law to toll the applicable statute of limitations or prevent an employer from availing itself of that defense. See Clark v. United Airlines, 223 Va. 197, 200, 288 S.E.2d 441, 442-43 (1982). However,

> [w]ithin the principles established by statutes and the decisions construing them, the commission has "jurisdiction to do full and complete justice in each case." From that principle has developed the concept known as "imposition," which empowers the

- 6 -

commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown. Statutes of limitation "are designed to suppress fraudulent and stale claims from being asserted after a great lapse of time, to the surprise of the parties, when the evidence may have been lost, the facts may have become obscure because of a defective memory, or the witnesses have died or disappeared." None of these factors are applicable to this case. Instead, we find that the concept of imposition was appropriately applied.

Avon Prods., Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992) (citing John Driggs Co. v. Somers, 228 Va. 729, 324 S.E.2d 694 (1985); quoting Harris v. Diamond Construction Co., 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946)) (other citation omitted).

The doctrine [of imposition] focuses on an employer's or the commission's use of superior knowledge of or experience with the Workers' Compensation Act or use of economic leverage, which results in an unjust deprivation to the employee of benefits warranted under the Act. Thus, this Court has found that the doctrine applies where, *inter alia,* the record shows a series of acts by the employer or the commission upon which a claimant naturally and reasonably relies to his or her detriment.

Butler v. City of Virginia Beach, 22 Va. App. 601, 605, 471 S.E.2d 830, 832 (1996) (citations omitted). Thus, "[t]he issue is whether under the totality of the circumstances shown, the actions of the employer and its carrier created an imposition on the commission and the claimant which empowered the commission 'do full and complete justice.'" Avon, 14 Va. App. at 8, 415 S.E.2d at 229.

The testimony of claimant, Fields, and Pultz constitute credible evidence to support the commission's finding that claimant had no reason to question the process through which he was receiving workers' compensation payments or to believe that he needed to file any additional paperwork with the commission in order to preserve his claim for additional benefits. Credible evidence established that a mistake occurred in this case, in that both claimant and employer honestly believed that all had been done to complete the paperwork in order for claimant's

- 7 -

additional periods of disability to be covered under workers' compensation. While employer did not make the classic assurances that all had been done, thereby misleading claimant, all parties believed that everything had been done. Credible evidence established a series of acts by employer with respect to the method by which it paid claimant workers' compensation benefits for his lost time, which claimant naturally and reasonably relied upon to his detriment. See Odom v. Red Lobster No. 235, 20 Va. App. 228, 235, 456 S.E.2d 140, 143 (1995).

In addition, employer failed to file the appropriate supplemental memoranda of agreement and agreed statement of fact forms with the commission reflecting its additional payments of compensation benefits to claimant as required by Code § 65.2-701, see Henrico Pub. Utils. v. Taylor, 34 Va. App. 233, 239, 540 S.E.2d 501, 505 (2001) (employer's obligation to file memoranda of agreement not limited to initial award), thereby "frustrat[ing] a primary purpose behind the Act - the expedient entry of awards in cases where the parties agree as to the compensability - further prejudicing claimant's rights." Odom, 20 Va. App. at 235, 456 S.E.2d at 143.[5]

---

[5] We note that the "Supplementary Reports," admitted as Claimant's Exhibits 1 and 2 at the hearing, and referred to by the commission in its findings as "not required by the Act, but . . . for the benefit of MCI," are different from the agreement forms an employer is required to file with the commission pursuant to Code § 65.2-701 and Rule 4.1. See also National Linen v. McGuinn, 5 Va. App. 265, 362 S.E.2d 187 (1987) (decided under former Rule 15). The commission discussed this requirement when it noted that "claimant was not given the benefit of being provided with the *proper agreement forms as required by the Act*" and "[MCI] failed to either contact the claimant, *provide him with agreement forms*, or request the supplementary report from employer." (Emphasis added). If employer had complied with its statutory obligation under Code § 65.2-701, claimant would not have found himself in the situation that he did.

Thus, based upon the totality of the facts and circumstances of this case, we find that the commission did not err in applying the doctrine of imposition to toll the statute of limitations contained in Code § 65.2-708 and the ninety-day rule contained in Rule 1.2(B).

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>