COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Beales and Chafin
Argued at Richmond, Virginia

UNPUBLISHED

KMART CORPORATION,
 INDEMNITY INSURANCE COMPANY
 OF NORTH AMERICA AND SEDGWICK
 CLAIMS MANAGEMENT SERVICES, INC.

                                                    MEMORANDUM OPINION* BY
v.      Record No. 1119-13-2                        JUDGE RANDOLPH A. BEALES
                                                         FEBRUARY 4, 2014
WAYNE BEERY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Bryan M. Kirchner (Angela F. Gibbs; Midkiff, Muncie & Ross, P.C.,
              on brief), for appellants.

              Gregory O. Harbison (Harbison & Kavanagh, PLLC, on brief), for
              appellee.


        Kmart Corporation and its insurer (collectively, employer) appeal the decision of the

Workers' Compensation Commission (the commission) awarding benefits to the claimant,

Wayne Beery, relating to a workplace injury Beery suffered on December 14, 2008.  Employer

claims that the commission erred in (1) finding that the doctrine of imposition applies to this case

to preclude the application of the statute of limitations, and (2) failing to defer to the deputy

commissioner's "implicit credibility finding and in failing to defer to her finding of fact."  For

the following reasons, we affirm the commission in this case.

                              I.  THE DOCTRINE OF IMPOSITION

        "On appeal from the commission, we view the evidence in the light most favorable to

[Beery], the party prevailing below."  Starbucks Coffee Co. v. Shy, 61 Va. App. 229, 233, 734

        _____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

S.E.2d 683, 685 (2012). "Within the principles established by statutes and the decisions construing them, the commission has 'jurisdiction to do full and complete justice in each case.'" Odom v. Red Lobster #235, 20 Va. App. 228, 234, 456 S.E.2d 140, 143 (1995) (quoting Avon Products, Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992) (citations omitted)). "From that principle has developed the concept known as 'imposition,' which empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown.'" Id.; see John Driggs Co., Inc. v. Somers, 228 Va. 729, 734, 324 S.E.2d 694, 697 (1985); Harris v. Diamond Const. Co., 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946) (explaining that "when the General Assembly established the Industrial Commission [now the Workers' Compensation Commission] . . . it intended that that tribunal should have jurisdiction to do full and complete justice in each case").

Case law makes clear that the party seeking to invoke the doctrine of imposition must make "a threshold showing of unfairness." Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 285, 623 S.E.2d 433, 437 (2005). "The key to meeting this threshold showing of unfairness is for the party arguing in favor of using the doctrine of imposition to show 'a series of acts' by the opposing party or the commission upon which the party 'naturally and reasonably relies to his or her detriment.'" Hampton Inn & Selective Ins. Co. of Am. v. King, 58 Va. App. 286, 298, 708 S.E.2d 450, 456 (2011) (quoting Miller v. Potomac Hosp. Found., 50 Va. App. 674, 687, 653 S.E.2d 592, 598 (2007)).

In applying the doctrine of imposition based on the circumstances of this case, the commission found as follows:

> Here, we find that there is sufficient evidence to show that *the claimant refrained from filing a timely claim* [in the commission] *based upon a series of actions by the defendants*. The claimant timely reported his claim to the employer. The claimant's medical

- 2 -

> treatment was consistently provided and paid, and he was compensated for his brief time out of work. The claimant testified that he was advised by the carrier's representative that they would make all filings for him and that he needed to take no further action on his claim.

(Emphasis added). The commission also found that a November 3, 2010 letter from Sherry Gardner of Sedgwick Claims Management Services "corroborates the claimant's testimony regarding the impression he was given" by employer, based on assurances from employer's insurance carrier, that he did not need to file anything with the commission. That letter states, in relevant part, as follows:

> [U]pon receipt of the corrected impairment rating . . . as the shoulder and wrist are not ratable body parts . . . only the arm and/or hand are scheduled members, we will send the appropriate forms for your signature. *Once we are in receipt of the signed forms, we will submit the impairment rating report, along with the signed forms, to the VWC for their approval.* Upon receipt of the Award from the VWC, your impairment benefits will be issued as well as brought current and issued until the benefits are exhausted as per the weeks approved by the VWC.

(Emphasis added). The commission reasoned that the phrases "we will send," "we will submit," and "will be issued" indicated that employer further led claimant to believe that he did not need to file anything with the commission, including an actual claim for benefits in the commission.

Credible evidence in the record supports the commission's factual findings. See Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010). Indeed, claimant did timely report the basis for his claim to the employer. Claimant was injured in a work-related accident on December 14, 2008. Employer's notification of injury form, dated January 6, 2009, establishes that claimant timely reported his injury to employer. See Code § 65.2-600. Employer has never disputed that it was aware of the injury and that it was compensable. The record also supports the commission's factual determination that claimant's medical treatment was consistently provided and paid and that he was compensated for his brief time out of work.

- 3 -

In fact, claimant testified that, with the exception of one medical bill that had not been paid since the commission had not received the proper impairment ratings, all of claimant's medical bills were paid for by employer. In addition, claimant received temporary total disability benefits while he was away from work during the period between March 31, 2009 and April 6, 2009.

Significantly, and most importantly, the commission found, based on claimant's testimony, that Gardner advised him that he needed to take no further action on his claim – and that all the filings in the commission would be done for him by employer. This factual finding by the commission is crucial to the resolution of this case because, in addition to a January 6, 2009 notification of injury letter, claimant acknowledged receiving three further "blue letters" from the commission – dated July 10, 2009; January 6, 2010; and, July 6, 2010 – advising claimant to file a claim for benefits before the expiration of the statute of limitations on December 14, 2010.[1] See Code § 65.2-601. When claimant's counsel asked him at the evidentiary hearing why, in light of these letters, he did not file a claim for benefits, claimant explained that Sedgwick had told him that "they'd take care of all filings of all paperwork and all that, that I needed to do." The full commission accepted this testimony as credible, as it was entitled to do. See Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

As for the November 3, 2010 letter from Gardner, the record supports the commission's finding that it corroborates claimant's testimony that he was led to believe that he did not need to file a claim in the commission. The letter does contain the phrases "we will send," "we will submit," and "your impairment benefits will be issued." These phrases strongly suggest a course

---

[1] This Court has held, "Under the doctrine of imposition . . . the receipt of a 'blue letter' does not create a de jure bar to finding that claimant suffered prejudice. Rather, receipt of the 'blue letter' is simply one circumstance among others to be considered." Odom, 20 Va. App. at 135, 456 S.E.2d at 143.

of conduct in which employer advised claimant that it would communicate with the commission on his behalf. In addition, we find it especially significant that the November 3, 2010 letter was sent *after* claimant received the last "blue letter" from the commission advising him to file a claim for benefits. The November 3, 2010 letter from Gardner to claimant also contains the phrase "Upon receipt of the Award from the VWC . . . ." Viewing the evidence in the light most favorable to claimant, as we must since he prevailed below, the commission could reasonably infer that the issuance of an award to claimant was anticipated at that time without any further action on claimant's part.[2]

Thus, given that (1) employer was timely made aware of claimant's injury and the basis for his claim, (2) claimant's medical treatment was consistently provided and paid for by employer (with one exception due to an issue with claimant's impairment rating), (3) claimant was compensated by employer for his brief time out of work, (4) the full commission credited claimant's testimony that employer's insurance carrier "would take care of all filings of all paperwork" with the commission, and (5) the commission inferred that the content of the November 3, 2010 letter from Gardner corroborates claimant's testimony in that regard, several circumstances in the record support the commission's finding that claimant refrained from actually filing a timely claim for benefits in the commission due to a series of actions on

---

[2] While employer certainly had no obligation to advise claimant about the statute of limitations for filing a claim, see Jenkins v. Ford Motor Co., 27 Va. App. 281, 288, 498 S.E.2d 445, 449 (1998), nothing in the November 3, 2010 letter from Gardner to claimant even hints that anything discussed in that letter was intended to be contingent on claimant filing a claim for benefits before the statute of limitations would have expired. Indeed, on August 4, 2011 (well more than two years after the date of the injury), claimant received another letter from employer's insurance carrier that restated Gardner's language from the November 3, 2010 letter and concluded, "Since that time, we have not received the proper rating and we continue to deny payment for the examination as payment for the same is not the responsibility of the Employer and Insurer." In other words, employer was denying payment because it had not received a proper impairment rating – not because employer considered claimant's eligibility for medical benefits to be time-barred.

employer's part. In this case, "the record shows not one act, but a series of acts . . . upon which claimant would naturally and reasonably have relied to [his] detriment." Odom, 20 Va. App. at 235, 456 S.E.2d at 143. Accordingly, viewing the evidence in the light most favorable to claimant (as we must since claimant prevailed below) and under the totality of the circumstances in this particular case, we cannot say that the commission erred in concluding that claimant had made the necessary showing of unfairness that is required for the doctrine of imposition to apply and to excuse claimant's failure to file a timely claim for benefits.

## II. DEFERENCE TO THE DEPUTY COMMISSIONER

At the evidentiary hearing before the deputy commissioner, claimant offered live testimony – but Gardner (employer's witness) did not testify in person. Instead, a transcript of Gardner's deposition was entered into the evidence. Following the evidentiary hearing, the deputy commissioner found that the doctrine of imposition did not apply to the facts of the case. The deputy commissioner explained that she was "not persuaded that [Beery] refrained from filing a timely claim based on statements made by Sherry Gardner or any other representative of Sedgwick" but instead found it "more likely that [Beery] refrained from filing a claim because his medical treatment was provided and paid for by Sedgwick and he was compensated for his brief time out of work." Employer argues that the full commission should have deferred to this finding by the deputy commissioner and that the full commission erred in finding claimant's testimony credible.

Employer relies on Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987), but that reliance is misplaced. In Pierce, this Court held that "*a specific recorded observation of a key witness' demeanor or appearance in relation to credibility* is an aspect of the hearing that the commission may not arbitrarily disregard" and that "[w]hen the commission does not follow such a finding, the record should indicate that the commission did

not arbitrarily ignore the finding." Id. at 382, 363 S.E.2d at 437 (emphasis added). This Court made clear, however, that "[w]e do not . . . hold that the deputy commissioner's findings as to credibility necessarily bind the commission." Id. Since the deputy commissioner did not make any specific observations about claimant's demeanor or appearance on the witness stand, and since the deputy commissioner never even had an opportunity to observe Gardner's testimony at all, we conclude that the decision in Pierce is inapplicable to this case. Therefore, applying settled principles of appellate review, we defer to the finding by the full commission – the factfinder in this case – that claimant's testimony was credible and entitled to significant weight. See Bass v. City of Richmond Police Dep't, 258 Va. 103, 114, 515 S.E.2d 557, 563 (1999) (explaining that "the [c]ommission resolves all conflicts in the evidence and determines the weight to be accorded the various evidentiary submissions").

### III. CONCLUSION

The full commission, as the finder of fact, was entitled to accept claimant's testimony that he was advised by employer's insurance carrier that the insurance carrier would make all filings in the commission on his behalf. Given the presence of this testimony, as well as the presence of other circumstances in the record, as noted *supra*, credible evidence supports the commission's finding of fact that claimant refrained from filing a timely claim with the commission because of a series of actions by employer. Accordingly, for the foregoing reasons, we affirm the commission's award of benefits to claimant, given employer's stipulation that claimant's workplace injury was compensable.

Affirmed.