**Richmond**

LOUISE SPARRER

v.

COMMONWEALTH OF VIRGINIA

No. 1329-88-2

Decided November 21, 1989

Counsel

A. Thomas Lane, Jr. (Ashcraft & Gerel, on brief), for appellant.

Donald Stratton Elmore (Elmore, Elmore & Smith, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal from the Industrial Commission we affirm the Commission's conclusion that the employer is not estopped from asserting the time limitation contained in Code § 65.1-99.

The employee did not make an application for a change of condition within twenty-four months following the last day for which compensation had been paid, even though she had periods of incapacity during that period of time. She explains that following the receipt of her last compensation benefits her employer, the Department of Welfare, changed the procedures for processing employees' leave, including periods of incapacity for which an employee might be eligible for workers' compensation benefits. The procedures followed by the employer both before and after the change and the relevant periods of disability are described in the Commission's opinion.

The employee continued to receive her full salary, and, presumably for this reason, did not realize that agreements for the payment of compensation were not being filed with the Commission and that the Commission was not entering awards based on these agreements, as had been the practice under the previous procedure. Finally, she noticed that an income tax form reflected only wages and not workers' compensation. Therefore, on April 21, 1987, she completed a form reflecting the various dates of disability since she had last received compensation and took this to the insurance carrier. In June, 1987, the carrier advised her that the time limitation for filing her application for a change of condition had expired on May 15, 1987.

■ We concur with the Commission's conclusion that estoppel of an employer's right to assert the time limitation in Code § 65.1-99 requires "evidence of fraud or concealment." *Clark v. United Airlines*, 223 Va. 197, 200, 288 S.E.2d 441, 442 (1982). This requirement applies to Code § 65.1-87, which limits the time for filing a claim. *Id.* It is equally applicable to Code § 65.1-99, which imposes a like limitation on the time in which an application for a

change of condition may be filed.

■ The Commission found no evidence, nor was there any contention, that fraud or misrepresentation prevented her from making a timely application for a change of condition. Therefore, the employer is not estopped from relying on the time limitation in Code § 65.1-99.

The employee also argues that the employer waived reliance on the limitation contained in Code § 65.1-99. However, the Commission observed that, while the time limitation is not jurisdictional and may be waived, no contention that the employer had waived the provisions of Code § 65.1-99 was made. Since this issue was not presented to the Commission and since there has been no showing of good cause or necessity to do so to enable us to obtain the ends of justice, we may not consider this issue as a basis for reversal. Rule 5A:18.

For these reasons, the Commission's decision is affirmed.

*Affirmed.*

Coleman, J., and Keenan, J., concurred.