## Salem

### TREKEYTA F. NIBLETT

v.

### PIEDMONT AVIATION, INC., et al.

No. 1328-90-3

Decided June 11, 1991

COUNSEL

David A. Melesco, for appellant.

William W. Nexsen (Stackhouse, Rowe & Smith, on brief), for appellees.

OPINION

KOONTZ, C.J.—Trekeyta F. Niblett, appellant, appeals a decision by the Industrial Commission that she was time barred, pursuant to Code § 65.1-99, from claiming benefits based on a July 28, 1985 industrial injury. On appeal, Ms. Niblett contends Piedmont Aviation, Inc., appellee, should be estopped from asserting the statute of limitations under Code § 65.1-99 since both parties were operating under a mutual mistake that an open award was in place.

The essential facts are not in dispute. Ms. Niblett sustained an injury to one of her right fingers by industrial accident on July 28, 1985. Piedmont, her employer, filed its first report of the accident on August 5, 1985. Thereafter, Piedmont accepted this injury as compensable and, based upon a memorandum of agreement by the parties, the commission on November 19, 1985 entered an award for temporary total disability commencing August 8, 1985. This award was subsequently terminated effective November 10, 1985, upon the commission's receipt of the parties' agreed statement of fact that Ms. Niblett's incapacity ended on November 11, 1985 when she returned to work at her pre-injury wage. The agreed statement of fact contained a notation that Ms. Niblett could reopen her claim "within twenty-four months from the last date for which compensation was paid to make a claim for wage loss benefits, or within 36 months from the last date for which compensation was paid to make a claim for permanent disability benefits" pursuant to Code § 65.1-99.

Ms. Niblett continued to have medical difficulties involving her entire right arm, and Piedmont voluntarily resumed compensation payments to her on January 29, 1986. These payments continued on a weekly basis until February 16, 1989. Based upon a January 17, 1989 medical report of Dr. Richard L. Rauck finding that Ms. Niblett suffered a sixty-five percent permanent partial disability to the right arm, Piedmont submitted a supplemental memorandum of agreement to Ms. Niblett. This agreement purported to change the basis for wage loss from temporary total to permanent partial disability. Ms. Niblett declined to sign this agreement. Consequently, Piedmont filed a notice of application for hearing with the commission based upon Ms. Niblett's refusal to sign this agreement, and suspended payments to her effective March 21, 1989. On March 27, 1989, the commission advised Piedmont's in-

surance carrier that it was rejecting the application because there was no "outstanding" or open award in this case.

On October 3, 1989, Ms. Niblett filed an application with the commission alleging her entitlement to continuing compensation for her disability, which Piedmont had been paying from November 11, 1985 until March 21, 1989 without an award. Thereupon, Piedmont denied Ms. Niblett's claim, asserting that it was barred as untimely pursuant to Code § 65.1-99.

At the hearing on this application before the deputy commissioner, Ms. Niblett, by stipulation, asserted that both parties mistakenly believed that an open award was in effect until March 21, 1989 when compensation benefits were suspended by Piedmont. Piedmont did not stipulate that it shared this mistaken belief about the status of this claim. The deputy commissioner, however, found that there was a mutual mistake of fact concerning the status of this claim and that both parties were under the mistaken belief that an open award existed. The deputy commissioner reached this conclusion based upon the finding that the purpose of Piedmont's March 1989 application was to convert the payments from an award which it believed entitled Ms. Niblett to temporary total disability to one for permanent partial disability, pursuant to Code § 65.1-56.

Upon these facts, the deputy commissioner first rejected Ms. Niblett's assertion that the statute of limitations should be tolled pursuant to Code § 65.1-87.1 because the employer had filed a first report of accident. The deputy commissioner then rejected Ms. Niblett's assertion that the parties' mutual mistake of fact concerning the existence of an open award operated to estop Piedmont from asserting the statute of limitations contained in Code § 65.1-99. Rather, the deputy commissioner found that Ms. Niblett's claim was barred pursuant to Code § 65.1-99, which provides for a two year limitation from the last day compensation is paid pursuant to an award by the commission for a change in condition involving partial disability. The last day compensation was paid pursuant to an award by the commission was November 11, 1985, more than three years before Ms. Niblett filed her application in October 1989. On review, a divided commission affirmed this decision. This appeal followed.

■ Ms. Niblett argues that our holding in *Sparrer v. Commonwealth*, 9 Va. App. 251, 385 S.E.2d 908 (1989), that fraud or concealment must be shown to estop an employer from relying on the statute of limitations in § 65.1-99, also allows mutual mistake as a ground for estoppel. In support of her position, Ms. Niblett directs us to *Harris v. Diamond Construction Co.*, 184 Va. 711, 36 S.E.2d 573 (1946), and several cases that rely on it as authority. In *Harris*, the Virginia Supreme Court ruled the Industrial Commission has the power to vacate or set aside an award procured through mistake. *Id.* at 721, 36 S.E.2d at 577. In another case relied upon by Ms. Niblett, *John Driggs Co. v. Somers*, 228 Va. 729, 734, 324 S.E.2d 694, 697 (1985), the Court ruled the commission could amend an award that was based on mutual mistake. The present case, however, does not concern the grounds for vacating or amending an award, but instead concerns the grounds for asserting estoppel against an employer's right to rely on the statute of limitations under Code § 65.1-99.

The commission held that the plain language of Code § 65.1-99 refers to a change in condition from the condition which existed at the time of the termination of compensation under the last outstanding award and that the time for filing must be measured from that date. In the present case, Ms. Niblett did not file her change in condition application within the two or the three year limitation of this Code section when measured from November 10, 1985. Because Piedmont did not waive this limitation, the commission held that her claim was barred. We agree.

■ The commission's decision is consistent with our decision in *Sparrer*, where we addressed the issue of when estoppel may be asserted to prevent an employer from relying on the statute of limitations contained in Code § 65.1-99. We stated that this Code section requires evidence of fraud or concealment to estop an employer from asserting the statute of limitations. *Sparrer*, 9 Va. App. at 252-53, 385 S.E.2d at 909. To the extent our holding in *Sparrer* was not definitive, we now hold that fraud or concealment are the only grounds to estop an employer from asserting the statute of limitations under Code § 65.1-99.

Since Ms. Niblett does not contend fraud or concealment was involved in her failure to file her application in a timely manner,

we hold Piedmont is not estopped from asserting the statute of limitations. Therefore, we affirm the commission's decision.

*Affirmed.*

Barrow, J., and Moon, J., concurred.