**Norfolk**

AVON PRODUCTS, INC.
and
AMERICAN MOTORIST INSURANCE COMPANY

v.

MARY T. (SIZEMORE) ROSS

No. 0301-91-1

Decided March 3, 1992

2

COUNSEL

William W. Nexsen (Ingrid E. Olson; Stackhouse, Rowe & Smith, on brief), for appellants.

George T. Albiston (Breit, Drescher & Breit, P.C., on brief), for appellee.

OPINION

**BAKER, J.**—Avon Products, Inc. (employer) and American Motorist Insurance Company (carrier) appeal from a decision of the Workers' Compensation Commission* which rejected employer's defense to a change of condition claim by Mary T. Ross (claimant) for additional workers' compensation benefits arising out of a November 20, 1985 job-related injury. Claimant's application for hearing requested a further award for compensation for the period of August 31, 1988 through December 22, 1989. Employer's defense was tri-fold. First, employer asserted that if the application was based on the original injury, it was barred by the limitation provision of former Code § 65.1-87 because the claim was not filed within two years of that injury. Second, if the application was construed as a claim for change of condition, it was barred by the limitation provision of former Code § 65.1-99 because it was not filed within twenty-four months from the last compensation payment. Finally, employer asserted that even if the claim was not time barred, the employer was not liable to claimant because claimant failed to market her remaining work capacity.

---

* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the commission's decision was rendered in this case.

An extensive review of the events leading to the commission's decision is required for an understanding of the conclusions we reach. On November 20, 1985, claimant sustained a job-related injury in the course of her employment. Her injury was reported to employer, who filed a first report of the accident and injury with the commission. Her claim was recognized as a compensable injury and disability benefit payments were made at the rate of $311 per week until June 15, 1986.

On August 26, 1986, an agreed statement of facts, executed by claimant and employer, was filed with the commission; however, an original memorandum of agreement was not filed and no award was entered. On September 2, 1986, the commission notified employer that the commission had "the required forms in this claim except for the memorandum of agreement" and specifically requested that it be forwarded "for our approval and *award*" (emphasis added). In response, on September 19, 1986, the carrier wrote to the commission and advised "that a Memorandum of Agreement was issued on April 25, 1986 and submitted to the [claimant] to properly sign and return to [carrier]" so that it could be filed with the commission. That response further stated that another "Memorandum of Agreement was issued on September 5, 1986 and resubmitted to this *employer* for proper signature" (emphasis added), and because the carrier had not received the requested form it was "at this time closing [its] file." While the September 19, 1986 letter indicates a copy was sent to claimant at Box 30, Accomac, Virginia 23301, it does not indicate that a copy was forwarded to employer. Claimant testified that all forms received by her came directly from employer, not from carrier, and upon receipt of any form she would immediately sign and return it directly to employer.

On October 17, 1986, the commission wrote to claimant advising her that it could not direct that payments be made to her without a memorandum of agreement. Claimant testified that she received that letter, immediately contacted employer and was told that whatever was necessary to protect her interests had been done.

On November 6, 1987, a supplemental memorandum of agreement, signed by both claimant and carrier, was filed with the commission in which carrier and claimant agreed that claimant had suffered a change in weekly wages from $818.72 to zero. That

agreement contained the following sentence: "It is further agreed that compensation will be paid and accepted beginning on the 22nd day of June, 1987 at the rate of $311.00 per week to continue for DURING INCAPACITY."

Commission Form 46 (agreed statement of fact) was also executed by carrier and claimant and filed with the commission on November 6, 1987 indicating that claimant had returned to work at an average weekly wage of $818.72, and contained the following:

The outstanding *award* is terminated on the above date subject to approval by the Industrial Commission. The employee may reopen the claim pursuant to § 65.1-99. SEE NOTE BELOW.

NOTE: The signing of the above agreement is not a requirement for payment. This agreement is neither a receipt for money nor a release of claim. Should further disability result, the claim can be reopened by written application received by the Industrial Commission within 24 months from the last date for which compensation was paid to make claim for wage loss benefits, or within 36 months from the last date for which compensation was paid to make claim for permanent disability benefits: however, at a hearing on the application, compensation cannot begin more than 90 days prior to the date of filing.

On November 20, 1987, the commission again wrote to carrier acknowledging that it had the required forms except for the memorandum of agreement and requested it be filed. On December 2, 1987, the commission received an additional copy of the "Supplemental Memorandum of Agreement," noting that payments would be made at the rate of $311 per week beginning June 22, 1987. In response, albeit several months later, on March 1, 1988, carrier wrote to claimant at a different "P.O." address (Box 498, Parksley, Virginia 23421). That letter contained the following opening paragraph:

In reviewing you (sic) Workers' Compensation claim file, it is noted that the Memorandum of Agreement *reflecting your lost time from work beginning March 17, 1986* has never been received in our office (emphasis added).

No reference is made to the documents styled "Supplemental Memorandum of Agreement" concerning the period beginning June 22, 1987, which had been signed by claimant and carrier and duly filed with the commission. Claimant testified that after July 1987, she no longer retained the P.O. Box in Parksley, having moved to Olney, Virginia in September 1987, and did not receive carrier's March 1, 1988 letter.

Although an additional memorandum of agreement is not in the record before us, in a letter dated January 22, 1990, carrier states that an additional Supplemental Memorandum of Agreement "was issued through [claimant's] employer for [claimant's] disability beginning August 31, 1988."

After executing three supplemental memoranda of agreement, at least two of which were filed with the commission, and paying claimant compensation pursuant thereto, on January 8, 1990, carrier wrote to claimant saying:

The Industrial Commission of Virginia has recently confirmed that there has never been an open award for benefits for your workers (sic) compensation claim. Therefore, the statute of limitations has expired, and no additional medical or indemnity payments are available under your workers (sic) compensation claim.

On March 5, 1990, claimant filed an application for hearing with the commission and now asserts that she has been disabled from the November 20, 1985 injury since August 31, 1988.

Deputy Commissioner Dely found that the forms filed with the commission were sufficient under former Code § 65.1-93 and entered an award for the previously agreed periods of disability from March 17, 1986 through June 15, 1986 and June 22, 1987 through July 5, 1987. Dely further found that the record disclosed no fraud or misrepresentation by employer or its carrier, and that pursuant to the provisions of former Code § 65.1-99 the statute of limitations barred any claim after July 4, 1989, two years after the last compensation payment was made. For that reason, Dely denied claimant's application for benefits for any period subsequent to July 5, 1989.

On review before the full commission, the award made by Dely was amended and a further award for temporary total disability was entered for the period August 31, 1988 through December 21, 1989. The commission found as a fact that a third Supplemental Memorandum of Agreement, executed and paid according to its terms by the carrier, was sufficient evidence of employer's acceptance of the third-period disability.

The commission further found that employer was estopped from successfully asserting the limitations contained in either former Code § 65.1-87 or § 65.1-99.

The issues as stated by employer and its carrier are:

1. Whether the employer is estopped from raising the Statute of Limitations under Code § 65.1-87 or the Change of Condition Time Limitation under Code § 65.1-99?

2. Whether there is sufficient evidence to support the Industrial Commission's conclusion that the employee should be awarded compensation from August 31, 1988 through December 21, 1989?

In its opinion, the commission clearly stated that it did not find that the employer was estopped from asserting the limitations contained in former Code § 65.1-87[1] and § 65.1-99[2]. Instead, the commission found evidence in the record to support its finding that representations were made by employer that whatever needed to be done had been done, and that these representations justified

---

[1] Code § 65.1-87 provided: The right to compensation under this Act shall be forever barred, unless a claim be filed with the Industrial Commission within two years after the accident. Death benefits payable under this Act shall be payable only if: (i) death results from the accident, (ii) a claim for benefits under the Act has been filed within two years after the accident, and (iii) the claim for such death benefits is filed within two years from the date of death.

[2] Code § 65.1-99 provided: REVIEW OF AWARD ON CHANGE IN CONDITION. — Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid except pursuant to §§ 65.1-100.3, 65.1-144 and 65.1-151. No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this act, except thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.1-56.

claimant's actions in not following up to see that the original memorandum of agreement had been filed. The commission also found, and the record supports the finding, that carrier elected to process the initial memorandum through employer rather than directly with claimant, and that to permit the statute of limitations to be successfully pleaded would be an imposition on the commission.

Within the principles established by statutes and the decisions construing them, the commission has "jurisdiction to do full and complete justice in each case." *Harris v. Diamond Constr. Co.*, 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946). From that principle has developed the concept known as "imposition," which empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown. *See John Driggs Co. v. Somers*, 228 Va. 729, 324 S.E.2d 694 (1985). Statutes of limitation "are designed to suppress fraudulent and stale claims from being asserted after a great lapse of time, to the surprise of the parties, when the evidence may have been lost, the facts may have become obscure because of a defective memory, or the witnesses have died or disappeared." *Street v. Consumers Mining Corp.*, 185 Va. 561, 575, 39 S.E.2d 271, 277 (1946). None of these factors are applicable to this case. Instead, we find that the concept of imposition was appropriately applied.

Employer, carrier and claimant, by written documents timely filed with the commission, agreed that an accident and injury occurred at a specific identifiable time and place; the appropriate notice was given to employer; employer filed a first report of the accident and injury; and an agreed statement of facts executed by both employer and claimant recognized the claim was compensable and weekly payments were made pursuant thereto during varying periods from the date of injury to as late as December 1989. In addition, a second agreed statement of facts was executed by the parties and filed with the commission on November 6, 1987. That statement disclosed that the carrier believed that there was an "outstanding award" which had to be "terminated" when claimant returned to work after a temporary period of disability. Subsequently, a third memorandum of agreement was executed by the parties and further weekly payments were made in accordance with its terms.

Evidence of the foregoing documents is supplemented by claimant's testimony, which the commission accepted as true. That testimony disclosed that claimant dealt directly with employer, not its carrier, signed and returned to employer all papers received by her and was assured by employer that all papers necessary to the honoring of her claim had been filed with the commission. The totality of the evidence reveals an imposition on the commission and the claimant which requires that the commission hold that an award was in effect notwithstanding that the employer and carrier had not provided the necessary memoranda of agreement to formally enter an award.

Citing our decision in *Sparrer v. Commonwealth*, 9 Va. App. 251, 385 S.E.2d 908 (1989), employer argues that the time limitations contained in former Code § 65.1-87 require that an original memorandum of agreement be filed with the commission, and that an award be entered or an application for a hearing on claimant's claim be made within two years from the date of the injury. Otherwise, employer asserts that, in the absence of fraud or concealment, the commission is without jurisdiction to consider the claim, and the claimant is forever barred from recovery pursuant to the injury. We do not disagree with the decision made under the facts of the *Sparrer* case. However, the facts presented here are not the same as those in *Sparrer* or in any of the authorities relied on in that case. We believe the case before us is controlled by *John Driggs Co. v. Somers*, 228 Va. 729, 324 S.E.2d 694 (1985), and the rationale of *Harris v. Diamond Construction Co.*, 184 Va. 711, 36 S.E.2d 573 (1946).

In the case before us, the issue is not simply a question of whether a statute of limitations bars claimant's claim because her formal application for a hearing was filed after the times prescribed in former Code §§ 65.1-87 and 65.1-99. Here, the issue is whether, under the totality of the circumstances shown, the actions of the employer and its carrier created an imposition on the commission and the claimant which empowered the commission to "do full and complete justice." We find that the commission has that jurisdiction under the facts and circumstances of this case.

We concur in the observation made by the Court in *Harris* that cases before the commission are frequently expedited or disposed of by the writings filed with it such as the notices, agreed statement of facts, supplemental memorandum of agreement, and the

like. *See* 184 Va. at 724, 36 S.E.2d at 579. As the *Harris* Court said: "This we know by our constant inspection of the records which come before us from this tribunal. Such stipulations save both time and expense for the litigants and are to be encouraged and not condemned." *Id.*

Finally, the commission found from the submission of the executed supplemental memoranda of agreement that the carrier accepted responsibility and that this evidence was sufficient to warrant the entry of the appropriate awards. We agree.

For those reasons, we find that the commission did not err when it entered awards finding that claimant's claims were timely.

*Affirmed.*

Coleman, J., and Willis, J., concurred.