COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz, Elder and Fitzpatrick
Argued at Salem, Virginia


LINDA P. WILLIAMS
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1871-94-3     JUDGE LARRY G. ELDER
                                        JULY 5, 1995
HOECHST CELANESE CORP., ET AL.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Richard M. Thomas (Rider, Thomas, Cleaveland,
              Ferris & Eakin, on brief), for appellant.

              Frank Friedman (Richard D. Lucas; Abigail L.
              Perkins; Woods, Rogers & Hazlegrove, P.L.C.,
              on brief), for appellees.


     Linda P. Williams (claimant) appeals the commission's

decision that her claim for benefits, which alleged a change in

condition, is barred by Code § 65.2-708's two-year statute of

limitations.  Claimant contends that the commission erred in not

allowing her to present evidence to the commission and in not

entering an order nunc pro tunc in her favor.  She contends that

the actions of Hoechst Celanese Corporation and Reliance National

Indemnity Company (collectively "employer") estopped employer

from raising a statute of limitations defense.  We find no error

and affirm the commission's denial of benefits.

     Claimant suffered a head injury on March 26, 1992.  Employer

accepted the claim as compensable by means of a Memorandum of

Agreement signed by both parties in April of 1992.  Pursuant to
_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the Agreement, the commission entered an award on May 18, 1992, and employer paid weekly benefits for April 3, 1992 to April 20, 1992. Claimant returned to work on April 21, 1992.

Claimant was disabled for a second time on May 29, 1993 and did not return to work until August 23, 1993. The parties executed a Supplemental Memorandum of Agreement calling for payment of temporary total disability benefits beginning on May 29, 1993. Claimant signed this Agreement on October 5, 1993, after the insurer's representative signed it four days earlier, although the original document was never forwarded to the commission. Employer contends that these documents were submitted to claimant and never returned, while claimant contends that she returned the Supplemental Memorandum of Agreement to employer. Employer voluntarily paid (at least partial) compensation benefits for the period beginning May 29, 1993, as evidenced by a check stub reflecting payment described as "work comp for week of 8/7 - 8/13/93."

Claimant was disabled for a third time on November 28, 1993. On June 7, 1994, claimant filed a claim for benefits, seeking temporary total disability benefits for November 28, 1993 and continuing. An assistant claims examiner for the commission rejected the claim and notified claimant that she was last paid compensation pursuant to an award through April 20, 1992. Therefore the examiner concluded that claimant's claim, which was filed on June 7, 1994, was untimely in light of Code § 65.2-708's

two-year statute of limitations period. The full commission reviewed the file and rejected claimant's application for benefits on August 26, 1994.

Code § 65.2-708(A) specifically provides that the commission may review any award on the ground of a change in condition, except that "[n]o such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title." The commission file revealed that benefits were last paid <u>pursuant to an award</u> on April 20, 1992. The commission found that because claimant's June 7, 1994 application for change in condition was filed more than twenty-four months after April 20, 1992, it was untimely.

First, we hold that the commission did not err in making its determination without the benefit of oral argument. The commission followed Rule 1.6 of the Workers' Compensation Commission, which dictates the process by which it reviews a decision rejecting a change in condition claim.[1] Rule 1.6(A) states that "[a] request for review of a decision accepting or rejecting a change in condition claim or application shall be filed within 20 days from date of the decision. <u>No oral argument is permitted</u>." (Emphasis added). Assistant Claims Examiner Carol A. Carter rejected claimant's application on July 15, 1994,

---

[1]The adoption of rules promulgated by the commission "is a legislative act, and the enactment is binding in law upon the parties and the commission as well." <u>Sargent Elec. Co. v. Woodall</u>, 228 Va. 419, 424, 323 S.E.2d 102, 105 (1984).

-3-

and again notified the parties twelve days later that "the decision to reject the claim for benefits . . . remains unchanged." Claimant filed her request for review on August 2, 1993, which was within twenty days from Carter's date of decision.

As Rule 1.6(D) states, "[o]nly information contained in the file at the time of the original decision along with the review request and any response from the opposing party will be considered. Additional evidence will not be accepted." (Emphasis added). Pursuant to this directive, the full commission properly limited claimant's ability to present oral argument. Claimant correctly specified in her request for review the allegations against employer; we see no reason why the commission should have been required to receive additional evidence on this matter by conducting an on-the-record, oral hearing.[2]

Second, we hold that the commission's decision was not erroneous. Credible evidence supports the finding that claimant's failure to file the requisite forms, rather than any action of employer, caused the limitations period to expire. See Goodyear Tire & Rubber Co. v. Watson, 219 Va. 830, 833, 252 S.E.2d 310, 312 (1979). Employer's actions in this case were

---

[2]Assuming without deciding that claimant's procedural due process rights were implicated by the commission's failure to provide her with an evidentiary hearing, Rule 5A:18 bars us from considering this issue, as it was not raised on appeal.

"consistent with those of an employer endeavoring to comply with the Act. Employer did not use superior knowledge and economic power to achieve the payment of less benefits than required by the Act." Cheski v. Arlington Co. Public Schools, 16 Va. App. 936, 940, 434 S.E.2d 353, 356 (1993). Evidence supports the fact that employer never received the Supplemental Memorandum of Agreement or the Memorandum of Fact (which claimant never signed) from claimant and could therefore file neither of these documents with the commission.

While this Court and the Supreme Court have recognized that theories of fraud, concealment, "imposition," or "equitable estoppel" may prevent employers from asserting that employees' claims have not been timely filed, a complete review of the record reveals that these theories are inapplicable in this case. See Niblett v. Piedmont Aviation, Inc., 12 Va. App. 652, 405 S.E.2d 635 (1991)(recognizing fraud and concealment); Avon Prods., Inc. v. Ross, 14 Va. App. 1, 415 S.E.2d 225 (1992)(recognizing imposition); Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 416 S.E.2d 708 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993)(recognizing equitable estoppel).

For the foregoing reasons, we affirm the commission's decision.

Affirmed.