COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Senior Judge Coleman[*]
Argued at Richmond, Virginia


HENRICO (COUNTY OF) PUBLIC UTILITIES

                                            OPINION BY
v.    Record No. 1214-00-2          JUDGE LARRY G. ELDER
                                        JANUARY 23, 2001
SUSAN MARICE TAYLOR


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Ralph L. Whitt, Jr. (John T. Cornett, Jr.;
            Williams, Lynch & Whitt, on briefs), for
            appellant.

            B. Mayes Marks, Jr. (Marks and Williams,
            P.C., on brief), for appellee.


      In this appeal from an order of the Workers' Compensation

Commission (the commission) awarding Susan Taylor disability

benefits, the Henrico County Department of Public Utilities (the

County) asserts that the commission erred by 1) finding that a

de facto award of benefits existed between March 20 and

September 14, 1996; and 2) holding that Taylor's January 13,

1998 supplemental change in condition application related back

to her May 14, 1997 application.  We hold that, pursuant to our

decision in National Linen Service v. McGuinn, 5 Va. App. 265,

      [*] Judge Coleman participated in the hearing and decision of
this case prior to the effective date of his retirement on
December 31, 2000 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401.

362 S.E.2d 187 (1987) (en banc), the commission had the authority to determine that a de facto award of benefits existed.  We also hold that the County's procedural due process rights were not violated when the commission ruled that Taylor's January 13 filing related back to her May 14 application. Accordingly, we affirm the award of the commission.

## Background

Taylor sustained a compensable injury to her back and leg on January 7, 1993.  On July 21, 1995, the commission entered an award approving the memorandum of agreement filed by the County providing for payment of temporary total benefits to Taylor through May 14, 1995.  Taylor returned to work, but the County terminated her employment on March 19, 1996, after she was unable to perform her pre-injury duties.  The County then voluntarily paid Taylor the equivalent of her temporary total disability award from March 20 through September 14, 1996.  The County unilaterally ceased making payments to Taylor effective September 15, 1996.

On May 14, 1997, Taylor notified the commission of the County's voluntary payments to her.  She also requested "ongoing temporary partial compensation benefits."  Two days prior to her January 15, 1998 hearing before the deputy commissioner, Taylor notified the commission that, while she was seeking temporary partial disability benefits beginning September 26, 1996, she

-

would be seeking temporary total disability benefits effective on or about October 4, 1996 and continuing to the present.

The employer defended the claim on the ground that Taylor was barred from claiming additional benefits by the two-year statute of limitations established by Code § 65.2-708.[1]

The deputy found that a de facto award of benefits existed from March 20 through September 14, 1996. Although finding that the January 13, 1998 claim did not relate back to the May 14, 1997 filing, the deputy nevertheless concluded that Taylor's 1998 claim complied with the statute of limitations because it was filed within two years of the last payment made pursuant to the de facto award. The deputy awarded Taylor temporary total disability benefits effective October 16, 1997.[2]

On appeal, the full commission affirmed the deputy's finding of a de facto award. The majority opinion concluded, however, that they did not need to address whether the finding of the de facto award prevented the County from asserting a

---

[1] Code § 65.2-708 establishes procedures for commission review of awards based on changes in condition. With certain exceptions not applicable to this appeal, "[n]o such review shall be made after twenty-four months from the last date for which compensation was paid, pursuant to an award under this title." Code § 65.2-708(A).

[2] Commission Rule 1:2(B) provides that "[a]dditional compensation may not be awarded more than 90 days before the filing of the claim with the Commission." The deputy concluded that, pursuant to this rule, Taylor was not entitled to total disability benefits prior to October 16, 1997, that is, ninety days prior to the January 13, 1998 claim.

-

statute of limitations defense "because the May 14, 1997, Claim was filed within two years of [the] date compensation was last paid under the most recent, de jure, award.  The January 13, 1998, Claim would be within two years of any compensation awarded pursuant to the May 14, 1997, Claim, and thus timely."

In ultimately concluding that Taylor was entitled to temporary total disability benefits effective February 14, 1997, the commission found that Taylor's 1998 filing amended and related back to the 1997 application.  Based on correspondence from the County in July and September 1997, the commission found the County knew Taylor was pursuing a claim for temporary total disability benefits well before the January 13, 1998 filing. The commissioners found no evidence that the County was prejudiced by the amendment.

Existence of a De Facto Award

Code § 65.2-701 provides as follows:

> A.  If after injury or death, the employer and the injured employee or his dependents reach an agreement in regard to compensation or in compromise of a claim for compensation under this title, a memorandum of the agreement in the form prescribed by the Commission shall be filed with the Commission for approval.  The agreement may be prepared by the employee, the employer or the compensation carrier.  If approved, the agreement shall be binding, and an award of compensation entered upon such agreement shall be for all purposes enforceable as provided by § 65.2-710. . . .
>
> B.  An employer or insurance carrier which fails to file a memorandum of such agreement

-

with the Commission within fourteen calendar days of the date of its complete written execution as indicated thereon may be subject to a fine not to exceed $1,000 and to any other appropriate sanctions of the Commission.

C.  Nothing herein contained shall be construed so as to prevent settlements made by and between the employee and employer, but rather to encourage them, so long as the amount of compensation and the time and manner of payment are approved by the Commission.  A copy of such settlement agreement shall be filed with the Commission by the employer.

In McGuinn, we addressed the consequences of an employer's failure to submit a memorandum of agreement to the commission where the employer voluntarily paid disability benefits to the claimant.  After the claimant injured his ankle at work, the employer voluntarily paid him total disability benefits for a period of thirteen months.  The employer did not, however, submit a memorandum of agreement to the commission.  After the employer ceased paying benefits, the claimant filed an application for hearing seeking continued benefits.  The employer defended on the ground that the claimant had failed to market his residual capacity.  See McGuinn, 5 Va. App. at 267-68, 362 S.E.2d at 188.

In allocating the burden of proof, we noted that, had the employer filed the memorandum of agreement with the commission, the employer would have shouldered the burden of proving that the claimant was not entitled benefits.  We concluded that Code

-

§§ 65.1-45 and 65.1-93 required the employer to submit a memorandum of agreement to the commission when it voluntarily decided to compensate the claimant for his injuries.[3] See McGuinn, 5 Va. App. at 270, 362 S.E.2d at 189-90. We further held that a de facto award of disability benefits arose when the employer paid the claimant benefits for thirteen months without filing the memorandum of agreement with the commission. See id. at 269-70, 362 S.E.2d at 189.

The County seeks to limit our holding in McGuinn to initial claims for benefits. The County reasons that changes of condition are governed by Code § 65.2-708, while McGuinn was decided under what is now Code § 65.2-701. We do not, however, view this distinction as dispositive. Whether an agreement between the parties pertains to an initial award or a supplemental award following a change of condition, the employer is still obligated to file a memorandum of agreement with the commission. Code § 65.2-701 refers to agreements reached "after injury" and does not expressly state or imply that the employer's obligation to file memoranda of agreement is limited to the initial award. See Commission Rule 4 ("All agreements as to payment of compensation shall be reduced to writing by the

---

[3] Code §§ 65.1-45 and 65.1-93 were incorporated into Code § 65.2-701(C) and (A), respectively, when the General Assembly revised the Workers' Compensation Act in 1991. See 1991 Va. Acts, ch. 97 and 355.

employer and promptly filed with the Commission." (Emphasis added)).

We are not persuaded by the County's suggestion that a de facto award is precluded because the claimant has the responsibility for applying for a change of condition that is favorable to her. Code § 65.2-708 does not require a claimant to file an application for change of condition if she can reach a satisfactory agreement with her employer regarding her entitlement to continuing disability benefits. Taylor was not required to file a change of condition application in March 1996 because the County voluntarily paid the equivalent of temporary total disability benefits to her. Having evidently conceded that Taylor was entitled to these benefits, it was the County's responsibility to file a supplemental memorandum of agreement with the commission.

The County asserts that, by finding a de facto award, the commission, in effect, overruled this Court's decisions in Niblett v. Piedmont Aviation, Inc., 12 Va. App. 652, 405 S.E.2d 635 (1991), and Sparrer v. Commonwealth, 9 Va. App. 251, 385 S.E.2d 908 (1989). The County also challenges the commission's authority to find a de facto award in the absence of a showing of fraud or deceit by the employer.

In Niblett, after receiving benefits pursuant to a de jure award, the claimant went back to work. When the claimant's injuries flared up again and she was unable to work, the

-

employer voluntarily began making disability payments to her. The employer submitted a proposed supplemental memorandum of agreement to the claimant, but she refused to sign it. Thereafter, the claimant filed an application seeking to have the commission compel the employer to continue making the disability payments that it had been making until approximately seven months before the date of the application. The application was filed nearly four years after the last disability payment made pursuant to the de jure award. The commission held that, although a mistake of fact existed regarding whether an open award existed when the employer ceased its voluntary payments, the claimant was barred from pursuing her claim because it was filed outside the statute of limitations period. See Niblett, 12 Va. App. at 654, 405 S.E.2d at 637.

We rejected the claimant's assertion that mutual mistake of fact estopped the employer from asserting a statute of limitations defense. Id. Clarifying our earlier holding in Sparrer, we held that Code § 65.2-708 "requires evidence of fraud or concealment to estop an employer from asserting the statute of limitations." Id. at 655, 405 S.E.2d at 637. See Sparrer, 9 Va. App. at 252-53, 385 S.E.2d at 909 (holding that the employer was not estopped from asserting a statute of limitations defense where, although the claimant did not realize that agreements for the payment of compensation to her were not

-

being filed with the commission, there was no evidence that the employer had engaged in fraud or concealment designed to deprive the claimant of benefits to which she was entitled).

Niblett and Sparrer are inapposite to the present case. The issue of de facto awards was neither raised nor criticized in those decisions. Moreover, the County's assertion that the finding of the de facto award denied it the right to assert a statute of limitations defense ignores the commission's rationale for concluding that Taylor's applications were timely filed. Taylor last received benefits pursuant to a de jure award on May 14, 1995, and the County concedes that her May 14, 1997 application for continued partial disability benefits was filed within the time limitations of Code § 65.2-708(A). The commission did not hold that the timeliness of the 1998 application was dependent upon the de facto award. Rather, it held that the 1998 application was timely because it was filed within two years of the last payment Taylor was entitled to receive pursuant to the award made in response to her 1997 application.[4]

---

[4] The County's argument that the statute of limitations should not run from the last date compensation is paid pursuant to a de facto award constitutes a challenge to the conclusion reached by the deputy commissioner (and Commissioner Tarr in his concurring opinion). The commission's majority opinion did not adopt this rationale, and at no point has the County contested the commission's actual reasons for rejecting the statute of limitations defense. Accordingly, we do not address the merits of the full commission's holding that the January 13, 1998 filing was timely under Code § 65.2-708(A). See Rule 5A:18.

-

The County finally contends that the commission erred in finding a de facto award because Taylor neither alleged nor proved that the County acted fraudulently or deceitfully. The County's reliance on Niblett and Sparrer in support of this proposition is misplaced. In McGuinn, we did not condition the finding of a de facto award upon a showing of fraud or concealment. See McGuinn, 12 Va. App. at 269-70, 362 S.E.2d at 189. As we explained in Ryan's Family Steak Houses, Inc. v. Gowan, 32 Va. App. 459, 528 S.E.2d 720 (2000),

> where the employer has stipulated to the compensability of the claim, has made payments to the employee for some significant period of time without filing a memorandum of agreement, and fails to contest the compensability of the injury, it is "reasonable to infer that the parties ha[ve] reached an agreement as to the payment of compensation," and a de facto award will be recognized.

The fact that the commission relied upon a different rationale than the deputy commissioner does not excuse the County from bringing the error to the commission's attention before pursuing the matter on appeal to this Court. Whether by motion for reconsideration or for rehearing, any argument that a party seeks to raise on appeal in support of a reversal must have been presented to the commission. As we said in Overhead Door Co. of Norfolk v. Lewis, 29 Va. App. 52, 509 S.E.2d 535 (1999):

> We recognize that employer was unaware of this alleged problem until the commission issued its written opinion and could not have raised the issue prior to that point, but we see no reason why employer could not have given the commission an opportunity to correct this alleged error prior to appeal.

Id. at 62, 509 S.E.2d at 539.

-

Id. at 463, 528 S.E.2d at 722 (quoting McGuinn, 5 Va. App. at 269-70, 362 S.E.2d at 189). We hold, therefore, that the presence of fraud or concealment by the employer is not a requisite precondition for determining that a de facto award should be recognized.[5]

Relating Back of the 1998 Filing

The commission ruled that, for purposes of the ninety-day rule, Taylor's January 13, 1998 filing constituted an amendment of the May 14, 1997 application. The commission's finding enabled Taylor to receive temporary total disability benefits beginning February 14, 1997, instead of October 16, 1997. See Rule 1:2(B).

The County contends 1) the commission erred in permitting the 1998 filing to relate back to the 1997 filing; and 2) the commission inappropriately considered, in making its decision, correspondence between the parties that was never admitted into evidence. Because the County did not raise the latter argument with the commission, we will not address it. See Rule 5A:18; Overhead Door Co. of Norfolk v. Lewis, 29 Va. App. 52, 62, 509 S.E.2d 535, 539 (1999). We must decide, however, whether the

---

[5] On appeal, other than asserting that a de facto award of benefits cannot be found as a result of a change in condition and in the absence of fraud or concealment, the County does not challenge the merits of the commission's decision finding the existence of such an award under the facts of this case. Accordingly, we need not address whether the circumstances here supported the finding of a de facto award.

-

commission acted in accordance with the County's procedural rights.

"Pleading requirements in administrative proceedings before the . . . Commission are traditionally more informal than judicial proceedings." Sergio's Pizza v. Soncini, 1 Va. App. 370, 376, 339 S.E.2d 204, 207 (1986). In the context of a workers' compensation proceeding, due process "'is flexible and calls for such procedural protections as the particular situation demands.'" Duncan v. ABF Freight System, Inc., 20 Va. App. 418, 422, 457 S.E.2d 424, 426 (1995) (quoting Mathews v. Eldridge, 424 U.S. 319, 334 (1976)). "[T]he commission must use procedures that 'afford the parties minimal due process safeguards.'" WLR Foods, Inc. v. Cardosa, 26 Va. App. 220, 227, 494 S.E.2d 147, 150 (1997) (quoting Sergio's Pizza, 1 Va. App. at 376, 339 S.E.2d at 207).

"Consolidation of claims at the hearing is permissible and in accordance with due process, provided the 'employer had notice of the time, location and subject matter of the proceeding which was reasonably calculated to afford the employer an opportunity to be heard.'" Crystal Oil Co., Inc. v. Dotson, 12 Va. App. 1014, 1017, 408 S.E.2d 252, 253 (1991) (quoting Sergio's Pizza, 1 Va. App. at 373, 339 S.E.2d at 205). Where the commission permits the consolidation of claims with little or no advance notice, the dispositive issue is whether

-

the employer suffered prejudice.  Id. at 1018, 408 S.E.2d at 253-54.

In Crystal Oil, the employer challenged the commission's ruling that permitted an amendment to the claimant's change of condition application and permitted the amendment to relate back to the date of that application.  On October 26, 1989, the claimant filed a change in condition application seeking partial disability benefits effective September 11, 1989.  At the hearing before the deputy commissioner, the claimant sought to amend his application by claiming total disability benefits from July 25 through September 10, 1989.  See id. at 1015-16, 408 S.E.2d at 252-53.

The deputy commissioner ultimately held that the claimant was entitled to three days of total disability benefits (covering the period of time he underwent diagnostic testing), but denied the rest of the claim.  The deputy commissioner approved the amendment of the application, noting that the medical record was complete.  The full commission affirmed, holding that the employer's success in defending the bulk of the application belied any claim of prejudice.  See id. at 1018, 408 S.E.2d at 253.

We affirmed the commission, noting that the employer had defended the application with significant success.  See id. at 1018-19, 408 S.E.2d at 254.  We also found that the employer had been given advance notice of some of the claimant's contentions

-

from prior proceedings.  See id. at 1019, 408 S.E.2d at 254. But see WLR Foods, 26 Va. App. at 227, 494 S.E.2d at 151 (holding that, where the change of condition application sought benefits effective February 1, 1996, and where the commission, sua sponte and without notice to the employer awarded benefits predating February 1, the employer was prejudiced).

In the present case, two days prior to the hearing before the deputy commissioner, Taylor formally declared she would be claiming entitlement to temporary total disability benefits during much of the period of time she had previously indicated she was entitled to partial disability benefits.  The correspondence authored by counsel for the County in July and September 1997 reflects the County knew Taylor would be attempting to prove entitlement to total disability benefits. In its January 14, 1998 letter to the commission, the County neither objected to the deputy considering the January 13 filing nor sought a continuance to review the medical records.  The County merely requested that the record be held open for it to gather additional evidence pertaining to Taylor's claimed total disability.  Finally, the amendment did not seek any benefits outside of the time period identified in the 1997 application. Cf. WLR Foods, 26 Va. App. at 227, 494 S.E.2d at 151. Accordingly, we hold that the County failed to establish prejudice as a result of the commission's action.

-

The County asserts that permitting an amendment to relate back to an earlier change of condition application impermissibly evades the statute of limitations imposed by Code § 65.2-708. The commission did not, however, conclude that the 1998 filing complied with the statute of limitations because it constituted an amendment of the 1997 filing and related back thereto. Rather, the commission held that the 1998 filing related back to 1997 for purposes of Rule 1:2(B). Whether permitting the 1998 filing to relate back to May 1997 for the purposes of satisfying the statute of limitations would have been proper is, therefore, a moot question.

## Conclusion

The commission had the authority to determine that a de facto temporary total disability award existed between March 20 and September 14, 1996. We do not reach the issue of whether the limitations period set out in Code § 65.2-708(A) runs from the date of the last payment made pursuant to a de facto award of disability benefits because the commission did not so hold. We also do not address the propriety of the commission's rationale in finding the 1998 filing timely because the County did not preserve the issue for appeal. Finally, we hold that the commission did not err when it held the 1998 filing related back to 1997 for purposes of calculating the ninety-day period of Rule 1:2(B).

-

Accordingly, for the reasons stated above, the commission decision is affirmed.

Affirmed.