COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


JHOVANNA G. ROCHA
                                    MEMORANDUM OPINION* BY
v.    Record No. 1294-01-4          JUDGE G. STEVEN AGEE
                                        MARCH 12, 2002
FALCON'S LANDING AND
 ACE AMERICAN INSURANCE COMPANY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Julie H. Heiden (Koonz, McKenney, Johnson,
              DePaolis & Lightfoot, on brief), for
              appellant.

              Douglas A. Seymour (Siciliano, Ellis,
              Dyer & Boccarosse, on brief), for appellees.


     Jhovanna Rocha (the claimant) appeals the decision of the

Workers' Compensation Commission (the commission) denying her

claim for disability benefits from Falcon's Landing and its

insurer, Ace American Insurance Company, (herein, collectively,

referred to as "the employer").  She contends the commission

erred in setting aside its previous September 15, 1998 award and

in finding that she failed to reasonably market her residual

work capacity.  Finding no error, we affirm the commission's

decision.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

## I.   BACKGROUND

The claimant sustained a left knee injury on July 9, 1996, while in the course of her employment with the employer.  Her claim was accepted as compensable, and the claimant received temporary total disability benefits pursuant to the parties' agreement until she returned to work in October 1996.

On December 4, 1997, the claimant filed a claim seeking temporary total disability benefits from July 9, 1996 and continuing.  She also sought permanent partial disability benefits.  A second claim was filed on April 24, 1998, in which the claimant sought benefits for her pending knee surgery. These claims were scheduled for a hearing on August 28, 1998.

On August 21, 1998, the employer's insurer at the time filed a Supplemental Memorandum of Agreement with the commission which provided the claimant temporary total disability benefits. However, at the August 28, 1998 hearing the employer contended the claimant was not entitled to the benefits she sought. Neither party at the hearing mentioned the August 21 agreement filed by the carrier.

Unrelated to the hearing, the commission entered a supplemental award order dated September 15, 1998, awarding the

-

claimant temporary total disability benefits at the weekly rate of $283.83 beginning June 12, 1998, and continuing, based on the August 21, 1998 agreement.

Based on the August 28, 1998 hearing, a deputy commissioner, on November 6, 1998, entered an award for temporary partial disability benefits, from March 18, 1998 through May 24, 1998, and for temporary total disability benefits from May 25, 1998 through June 11, 1998. The claimant's request for benefits after June 12, 1998, and her request for medical benefits covering her knee surgery, were denied based on a finding that the surgery and resulting disability were not causally related to the compensable 1996 accident. The claimant requested a review of the decision by the commission. Upon review, the commission remanded the case to the deputy commissioner for reconsideration because the September 15, 1998 award appeared to be outstanding and contradictory.

The deputy commissioner held on remand that the September 15, 1998 award was controlling and pursuant to that award, the claimant was awarded temporary partial disability benefits from March 18, 1998 through May 24, 1998, and continuing temporary total disability benefits beginning on June 12, 1998. Based upon the deputy commissioner's own findings, the claimant was also awarded temporary total disability benefits from May 25, 1998 through June 11, 1998.

-

Upon review again, the commission held (1) the employer's insurer erroneously filed the supplemental agreement and the doctrine of imposition should be applied to vacate the September 15, 1998 award; (2) the employer was responsible for the medical expenses of the June 12, 1998 surgery, and (3) the claimant was entitled to disability benefits from June 12, 1998 to July 2, 1998, but to none thereafter.  The claimant appeals.

## II.  VACATION OF THE SEPTEMBER 15, 1998 AWARD

The claimant appeals the commission's decision to vacate its earlier award.  However, she fails to present any facts or case law to demonstrate the commission erred.

The General Assembly has granted "the Commission the power and authority not only to make and enforce its awards, but protect itself and its awards from fraud, imposition, and mistake."  Collins v. Dept. of Alcoholic Bev. Con., 21 Va. App. 671, 679-80, 467 S.E.2d 279, 283, aff'd en banc, 22 Va. App. 625, 472 S.E.2d 287 (1996).  Imposition is based on the principle that "the commission has 'jurisdiction to do full and complete justice in each case,' . . . even though no fraud, mistake or concealment has been shown."  Avon Products, Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992) (internal citation omitted).

The commission's decision to vacate is binding and conclusive upon us unless we can say as a matter of law that the employer's evidence failed to provide a basis upon which the

-

commission could vacate the earlier award.  See generally Tomko v. Michael's Plastering Co., 210 Va. 697, 173 S.E.2d 833 (1970). Here, the commission was presented with clear and convincing evidence that the August 21, 1998 agreement, resulting in the September 15, 1998 award, was filed by mistake while the employer was in the process of challenging the claimant's submitted claims for benefits covered by the award.  The claimant fails to present any evidence and/or case law to support her position that the commission abused its discretion in light of the employer's evidence.  We, therefore, affirm the commission's decision to vacate the September 15, 1998 award.

### III.  DISABILITY BENEFITS

The commission, after vacating the previous award, considered whether the claimant was entitled to temporary total disability benefits for June 12, 1998 through August 28, 1998, and/or medical benefits covering the June 12, 1998 surgery.  Its decision was to award medical benefits to the claimant, which are not the subject of this appeal, but to deny her disability benefits due to her failure to market her residual ability.  The claimant challenges this decision to terminate her benefits; however, she fails to present any evidence and/or case law to support her position.  In light of the evidence before the commission, we affirm its decision.

A partially disabled employee is required to make reasonable efforts to market his residual earning capacity to be

-

entitled to receive continued benefits.  See National Linen

Serv. v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989).

"In determining whether a claimant has made a reasonable effort

to market his remaining work capacity, we view the evidence in

the light most favorable to . . . the prevailing party before

the commission."  Id. at 270, 380 S.E.2d at 33.  "What

constitutes a reasonable marketing effort depends upon the facts

and circumstances of each case."  Greif Companies (GENESCO) v.

Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993).

Claimant was released to light duty work on July 2, 1998.
At that time, the employer did not have an appropriate position
available for the claimant.  The claimant sought employment
within her restrictions "by looking in the newspaper" and
placing three calls seeking employment through August 10, 1998.
Her attempts were unsuccessful.

On August 11, 1998, the claimant returned to work for the
employer as a hostess.  However, after a few hours she was
unable to continue her shift.  Between August 11, 1998 and
August 26, 1998, the claimant contacted eleven employers,
registered with an employment agency and the Virginia Employment
Commission.  She returned to work with the employer on August
29, 1998, and agreed to a termination of benefits as of that
date.

The commission found that the claimant's efforts were not
reasonable.  Credible evidence, i.e., the claimant's testimony

-

and her minimal list of contacts, supports the commission's finding that she failed to make reasonable efforts to market her residual earning capacity.  Therefore, the commission's decision will not be disturbed on appeal and is affirmed.

<u>Affirmed.</u>