COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


JEFFREY L. WILLIAMS

                                         MEMORANDUM OPINION*
v.    Record No. 0905-02-4                   PER CURIAM
                                         AUGUST 27, 2002
GLOUCESTER (COUNTY OF) SHERIFF'S
 DEPARTMENT AND VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Michael A. Kernbach; Burgess, Kernbach &
              Perigard, PLLC, on briefs), for appellant.

              (Ralph L. Whitt, Jr.; Whitt & Associates, on
              brief), for appellees.


     Jeffrey L. Williams (claimant) contends the Workers'

Compensation Commission erred in (1) finding that the

presumption under Code § 65.2-402(B) provides the presumed last

injurious exposure, pursuant to Code § 65.2-404, in claims

involving multiple employers; (2) presuming where the last

injurious exposure occurred; and (3) finding there was

sufficient credible medical evidence to support the conclusion

that the last injurious exposure, pursuant to Code § 65.2-404,

causing or contributing to the development of heart disease,

occurred while claimant was employed with the Virginia Peninsula

Regional Jail Authority, a non-presumptive employer pursuant to

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Code § 65.2-402(B).  Upon reviewing the record and briefs of the parties, we conclude claimant failed to preserve these issues for consideration on appeal.  See Rule 5A:18.  Accordingly, we summarily affirm the decision of the commission.  See Rule 5A:27.

The deputy commissioner denied claimant's claim on the ground that the Gloucester (County of) Sheriff's Department ("employer") rebutted the statutory presumption contained in Code § 65.2-402(B).  The deputy commissioner also determined the date of diagnosis of claimant's heart disease was August 5, 1997.

On review, the full commission affirmed the deputy commissioner, but on different grounds.  The full commission found that no basis existed for bringing a claim against employer because claimant's last injurious exposure to the causative hazards of heart disease occurred while he was working for a different employer, the Virginia Peninsula Regional Jail.

Claimant did not file a motion for reconsideration after the full commission issued its decision on different grounds from the deputy commissioner nor did claimant request a rehearing in order to allow the commission the opportunity to correct the alleged error prior to appeal to this Court.  Accordingly, claimant did not preserve the arguments he raises for the first time on appeal and, therefore, we cannot consider

them.  See Henrico County Public Utilities v. Taylor, 34 Va. App. 233, 241 n.4, 540 S.E.2d 501, 506 n.4 (2001); Rule 5A:18.

For these reasons, we summarily affirm the commission's decision.

Affirmed.